**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

J.M.M. et al.,

Plaintiffs

v.

Andrea Hernandez, et al.,

Defendants

**2:14-cv-01197-JAD-NJK**

**Order Dismissing Case without Prejudice**

Minor plaintiffs J.M.M. and I.M.—through their natural mother Jessica Hargrove—sue Clark County, a handful of Clark County Department of Family Services (DFS) employees, and their former foster parents Andrea and Waldo Hernandez for injuries the children allegedly sustained while in the Hernandezes' care.[1] After plaintiffs admitted in court filings that Hargrove had told counsel that she no longer wished to pursue these claims on the children's behalf, I ordered plaintiffs to show cause why this case should not be dismissed. Plaintiffs have failed to discharge their obligations under my show-cause order, so I dismiss this case without prejudice.

**Discussion**

On December 4, 2015, after Hargrove repeatedly failed to cooperate with plaintiffs' counsel, Ganz & Hauf, the firm filed an emergency motion to replace Hargrove and to appoint attorney Dara Goldsmith as guardian *ad litem*.[2] Magistrate Judge Koppe set an expedited briefing schedule and set the motion for hearing on December 17, 2015.[3]

---

[1] ECF 1-2.

[2] ECF No. 87.

[3] ECF No. 88.

On the eve of the hearing, the parties filed a stipulation to continue the hearing until after Hargrove's termination-of-parental-rights hearing two weeks later.[4] The magistrate judge denied the stipulation, vacated the hearing, and denied plaintiffs' motion to replace Hargrove without prejudice based on the parties' representations that Hargrove's parental rights were in a state of flux and would soon be resolved.[5]

Immediately after Magistrate Judge Koppe denied the motion, plaintiffs filed a renewed emergency motion to replace Hargrove,[6] arguing that she "is unsuitable as a representative" "and is not willing to protect [plaintiffs'] interests in this matter" because she had sent Ganz & Hauf an e-mail stating that she "will no longer be pursing with the civil lawsuit and will no longer be needing [the firm's] services."[7] Noting that plaintiffs had expressly sought to delay the ruling on the first emergency motion until *after* the hearing on Hargrove's parental rights—which had not yet taken place—Magistrate Judge Koppe again denied plaintiffs' motion without prejudice.[8] In that order, the magistrate judge invited plaintiffs to file a renewed motion for appointment of guardian *ad litem* once Hargrove's parental rights had been adjudicated and counsel could advise the court on the impact of that determination on Hargrove's continued representation of plaintiffs in this case.[9]

Two weeks later, Michael Kane of The 702 Firm—who had never appeared in this case but claims to be co-counsel with Ganz & Hauf—moved me to reconsider Magistrate Judge Koppe's

---

[4] ECF No. 91.

[5] ECF No. 92.

[6] ECF No. 94.

[7] ECF No. 94 at 2–3.

[8] ECF No. 96 at 2, n.1. In denying the motion, the magistrate judge also noted that it was defective in numerous respects: it did not comply with the technical and substantive requirements for seeking resolution of an emergency dispute, and it contains several factual representations by counsel that are not supported by declaration.

[9] *Id.*

ruling.[10] Defendants responded with a "motion for determination of counsel" in which they pointed out that Hargrove had fired Ganz & Hauf and that neither Kane nor anyone from his firm had appeared in this case[11] (which prompted Kane to file a notice of appearance),[12] and I set both matters for hearing.[13]

At the hearing, representatives of The 702 Firm and Ganz & Hauf explained that Hargrove had originally retained The 702 Firm, that The 702 Firm then referred the case to Ganz & Hauf for litigation, and that these firms had a fee-sharing agreement. Neither firm was still in contact with Hargrove, but defendants' counsel represented that they had notified Hargrove of the hearing.

After hearing argument from both parties, I denied plaintiffs' motion to reconsider because they failed to show that the magistrate judge's order was clearly erroneous or contrary to law. I then construed defendants' "motion for determination of counsel" as a motion for an order to show cause, and I gave plaintiffs ten days to show cause why this case should not be dismissed based on Hargrove's conveyance of her desire and intention not to pursue this case. I cautioned plaintiffs that, in their response, they would need to establish the standard governing under what circumstances a parent and guardian can dismiss a claim on behalf of a minor. I also cautioned plaintiffs that, if they wanted a court order to compel production of family-court documents establishing the status of Hargrove's parental rights, they would need to demonstrate to me that I have the authority to order production of these documents.

Plaintiffs' counsel cite to no legal authority in their six-page response to my show-cause order.[14] They do not attempt to identify the standard for a parent and guardian to dismiss claims brought on behalf of minors; instead, they continue to conclusorily argue that their own client

---

[10] ECF No. 97.

[11] ECF No. 99.

[12] ECF No. 102.

[13] ECF No. 108.

[14] ECF No. 113.

Hargrove is an "unsuitable" representative because she does not wish to pursue the claims in this case.[15] Plaintiffs also make no attempt to demonstrate why Hargrove's statement that she no longer wishes to pursue this case is not also binding on co-counsel The 702 Firm. Nor do plaintiffs provide any evidence to support their assertion that Hargrove's parental rights have been terminated, thus depriving her of having the authority to make that decision.

Plaintiffs' counsel, perhaps recognizing these deficiencies, request additional time to respond to the show-cause order and for an order compelling production of family-court documents showing the status of Hargrove's parental rights. But—despite my very specific instructions—plaintiffs have not even attempted to demonstrate to me that I have the authority to order the family court to produce these documents.

In sum, plaintiffs have fallen well short of their obligations under my show-cause order and they have not given me any reason to believe that more time will change that. Because plaintiffs have failed to demonstrate why this case should not be dismissed based on Hargrove's explicit instructions—which were given *before* the alleged termination of her parental rights—that she "will no longer be pursing with the civil lawsuit" and will no longer be needing counsel's services, or shown that they are entitled to an extension to do so, I dismiss this case without prejudice.

## Conclusion

Accordingly, IT IS HEREBY ORDERED, ADJUDGED, and DECREED that **this case is DISMISSED without prejudice.**

Dated this 5th day of October

Jennifer A. Dorsey
United States District Judge

---

[15] *Id.* at 4–5.